Dziedzic v. The State University of New York at Oswego

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand sixteen.

**PRESENT:**

> **DEBRA ANN LIVINGSTON,**
> **DENNY CHIN,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.*

———————————————————————

**Michele Dziedzic, AKA Michelle Dziedzic,**

> *Plaintiff-Appellant*,

> v.                                                    **15-11**

**The State University of New York at Oswego, et al.,**

> *Defendants-Appellees,*

**Michael J. Izyk, as Aider and Abettor,**

> *Consol. Defendant–Appellee.*

———————————————————————

**FOR PLAINTIFF—APPELLANT:**          Michele Dziedzic, *pro se*, Hannibal, NY.

**FOR DEFENDANTS—APPELLEES:** Jonathan D. Hitsous, Assistant Solicitor General of Counsel, Barbara D. Underwood, Solicitor General, Andrew B. Ayers, Senior Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (Scullin, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michele Dziedzic ("Dziedzic"), proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the State University of New York at Oswego ("SUNY Oswego") with respect to her claims of discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).   We must "resolve all ambiguities and draw all factual inferences in favor of the [non-movant]."   *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)).   Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court properly granted summary judgment in favor of SUNY Oswego. First, as the district court correctly concluded, Dziedzic's claims arising out of unlawful employment acts that occurred from 2005 until she took her first medical leave on January 22, 2008, were time barred because she did not file an administrative complaint concerning those events until November 19, 2008. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring charge to be filed within 300 days of unlawful practice); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (explaining that "discriminatory acts are not actionable if time barred").

On appeal, Dziedzic argues that her claims were not untimely because the alleged harassment continued even after she returned from medical leave on November 17, 2008, thus giving rise to a "continuing violation." Under the continuing violation doctrine, a court may consider all discriminatory acts in furtherance of an ongoing policy of discrimination if at least one such discriminatory act occurred within the limitations period. *Patterson v. Cty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004). Therefore, unless a discriminatory act contributing to Dziedzic's hostile work environment claim fell within the 300-day period from January 24, 2008 to November 19, 2008, her claim is time barred.

In support of her continuing violation argument, Dziedzic points to three incidents that occurred after her medical leave: a sexual joke made by new co-workers in a different section of the paint department to which she was assigned shortly after she returned from medical leave;[1] a November 20, 2008 incident where the human resources director asked a co-worker to take Dziedzic to a mental institution; and a December 19, 2008 incident where a co-worker swerved his

---

[1] It appears that this incident took place on November 19, 2008.

3

car toward her. Only the sexual joke is within the 300-day limitation period. *See Patterson*, 375 F.3d at 220 (explaining that "[a] claim of hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period"). This incident, however, is not "sufficiently related" to the harassment allegedly beginning in 2005 to constitute a "continuing violation." *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010) ("[A] sexually offensive incident within the limitations period permits consideration of an incident preceding the limitations period only if the incidents are sufficiently related."). In particular, the sexual joke was made by different co-workers in a different section of the paint department than the harassment allegedly predating Dziedzic's medical leave. *See id.* at 77-78.

The district court also properly granted summary judgment on Dziedzic's discrimination and retaliation claims due to insufficient evidence of any adverse employment action.[2] On appeal, Dziedzic argues that her transfer from the paint department to the plumbing department was adverse because her job duties "significantly changed in a way that subjected her to []humiliating degrading, unsafe, unhealthful, or otherwise significantly negative alterations in her work environment." Appellant Br. at 46-48.

The reassignment was not materially adverse. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) ("We also conclude that the [antiretaliation] provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant."). First, Dziedzic requested reassignment on at least two prior

---

[2] We observe that the district court need not have considered Dziedzic's claims of discrimination and retaliation, raised for the first time in opposition to summary judgment. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (declining to reach merits of argument raised for first time in opposition to summary judgment); *Syracuse Broad. Corp. v. Newhouse*, 236 F.2d 522, 525 (2d Cir. 1956) (holding that district court was "justified" in "brush[ing] aside" further argument not alleged in complaint but raised for first time in opposition to summary judgment).

4

occasions. *See Tepperwien v. Entergy Nuclear Operations*, *Inc.*, 663 F.3d 556, 571-72 (2d Cir. 2011) (explaining that transfer to different shift was not materially adverse when employee requested it). Second, she maintained the same title, Maintenance Helper, after the transfer. Third, the record lacks any evidence, aside from Dziedzic's opinion, that the plumbing department was less prestigious. *See Dillon v. Morano*, 497 F.3d 247, 254-55 (2d Cir. 2007) ("[A]lthough . . . transfer from an 'elite' unit to a 'less prestigious' unit could constitute adverse employment action, [plaintiff] has presented no evidence aside from his own personal opinion that [another unit] is the 'least desirable . . . .'" (citation omitted)).

Dziedzic also argues that, while in the plumbing department, she was subject to gender discrimination because she was forced to take breaks in the women's locker room and away from the men, but her mailbox was located in the men's locker room where male coworkers changed and displayed pictures of naked women. However, at her deposition, Dziedzic confirmed that she was not subject "to any discriminatory, hostile, intimidating, or endangering behavior by any of the persons [she] worked with in the plumbing department at SUNY Oswego between November of 2008 and January of 2009 at any time." Dziedzic Dep. II at 207; ROA 38-22.

We have considered all of Dziedzic's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

5